# STEPHEN ROGER BOSIN

Attorney At Law
70 Grand Avenue • Suite 200
River Edge, New Jersey 07661

Member
New Jersey, New York
California Bars

Telephone 201.342.4117
Facsimile 201.342.8780
E-mail: StephenBosin@aol.com

Via ECF
The Honorable Lorna G. Schofield
United States District Judge
United States District Court for
The Southern District of New York
500 Pearl Street
New York, N.Y. 10007

August 10, 2020

> Defendant shall supplement its discovery responses by **August 18, 2020** and shall file a response to this letter by **August 19, 2020 at 12:00 p.m.** Defendant may be subject to sanctions if the Court finds continued non-compliance with discovery obligations. The previously adjourned telephonic conference will be held on **August 20, 2020, at 10:50 a.m.** to discuss the proposed deposition of Mr. Su and whether an extension of discovery is necessary. Please dial 888-363-4749, access code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.
>
> Dated: August 11, 2020
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re: William Flemm v. Victory Commercial Management, Inc.
Case No. 1:19-cv-11771 (LGS)
Request for Second Pre-Motion Discovery Conference

Dear Judge Schofield,

I represent William Flemm, the Plaintiff in the above captioned action, and am writing to Your Honor in accordance with your Individual Rule III. A.1. and Local Rule 37.2.

On April 3, 2020 Plaintiff served his First Set of Interrogatories and Demand for Production on Defendant, Victory Commercial Management, Inc., which required responses within 30 days, i.e. May 3, 2020.

On May 1, 2020 Mingli Chen, Esq. was substituted as counsel. Following his substitution, I advised Mr. Chen that discovery had been served on April 3rd would shortly be due. He replied that he would work on submitting responses. When mediation was not successful on July 2nd, by joint letter dated July 10, 2020, Mr. Chen represented to Your Honor and to me that responses to Plaintiff's First Set of Interrogatories and Demand for Production would be served by July 31, 2020.

Defendant's Responses were not, however, served until August 4, 2020 but due to the lack of power I was not able to print them until August 7, 2020. As soon as I read them, I was disappointed to see that after waiting four months, the Interrogatory answers simply repeated boiler plate objections, and that virtually no documents were produced in response to the Demand for Production save for e-mails between the parties. I wrote to Mr. Chen to note my objections and to advise me by Monday August 10, 2020 whether he would confer to address these deficiencies. A copy of my letter is annexed **Exhibit A.**

The reason for the short notice was that discovery is now set to expire on August 18, 2020. As of the filing of this letter, I have received no response from Mr. Chen.

**Plaintiff's First Set of Interrogatories**

Defendant's response to Plaintiff's First Set of Interrogatories is annexed as **Exhibit B.**

Of the fifteen Interrogatories propounded, Defendant answered only two, Interrogatories 11 and 12, and gave evasive answers to Interrogatories 1-10, 14, and 15 by repeating the same boiler plate objection.

Defendant's refusal to comply with the rules of discovery is best illustrated by its response to Interrogatory No. 1 which asked it to, "Identify every person possessing personal knowledge of any facts that support or concern any of the allegations in the Complaint and describe the specific factual knowledge of each identified individual." which is clearly non-objectionable. Nevertheless, Defendant provided no information and claimed that the question was overbroad and unduly burdensome. It also claimed that it did not identify that which is sought with reasonable particularity.

There is no need to discuss Defendant's responses to Interrogatories 1-10, 14, and 15 in detail as it is clear from its responses that they simply avoid answering the question being posed despite the obvious relevancy of the information being sought and the precision of the interrogatory.

**Plaintiff's Request for Production**

None of the documents produced by Defendant were Bate stamped and none of the responses described any specific document.

Plaintiff requests that Defendant be ordered to explain the basis for redacting the information shown on the annexed three pages of its document production annexed to my letter of August 7, 2020 see, Exhibit A, and to generally describe the material that was redacted.

Plaintiff requests that Defendant be ordered to confirm that Defendant has no documents responsive to Document Requests 2, 3, 6, 7, 8, 9, and 10, or to produce them.

With respect to Document Response 4, Plaintiff requests that Defendant be ordered to identify and produce the documents being withheld.

With respect to Document Response 9, Plaintiff requests that Defendant be ordered to identify documents being withheld and to produce them.

With respect to Document Response 12, Plaintiff requests that Defendant be ordered to identify the referenced documents and produce the requested documents or admit that the documents do not exist.

With respect to Document Response 13, Plaintiff requests that Defendant be ordered to identify and produce the requested documents.

**Request for Fees and Extension of Discovery**

Given the fact that Defendant had been in receipt of Plaintiff's discovery requests since April 3, 2020, it clearly had sufficient time to provide the requested information but waited almost 4 months to respond to run out the clock with evasive and frivolous responses so that Plaintiff would not have evidence needed to prove his claim. Defendant has also obviously adopted this strategy for the purpose of driving up the cost of litigation.

Pursuant to Fed. R. Civ. P. 37 (a)(4) an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond which clearly describes these responses. In light of Defendant's substantial failure to comply with the rules of discovery which has necessitated contacting the Court, Plaintiff also seek costs as permitted by Fed. R. Civ. P 37 (a)(5), as well as a 30-day extension of discovery

Respectfully submitted,

*Stephen R. Bosin*
Stephen R. Bosin

Cc: M. Chen, Esq.