UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM FLEMM,
                               Plaintiff,

              -against-

                                    19 Civ. 11771 (LGS)
VICTORY COMMERCIAL MANAGEMENT,
                              Defendant.          ORDER
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on July 27, 2020, Plaintiff filed a letter, seeking to compel deposition testimony from Defendant's former counsel, Mr. Eric Su. (Dkt. No. 38). Per the Orders at Dkt. Nos. 39 and 40, Defendant and its former counsel filed response letters on August 3, 2020. (Dkt. No. 42);

      WHEREAS, on August 10, 2020, Plaintiff filed a second letter, regarding Defendant's responses to Plaintiff's discovery requests, seeking costs pursuant to Federal Rule Civil Procedure 37(a)(4) and a thirty-day extension of discovery. (Dkt. No. 44). Per the Order at Dkt. 45, Defendant filed a response letter on August 18, 2020, also requesting costs. (Dkt. No. 46);

      WHEREAS, on August 19, 2020, Plaintiff filed a third letter, seeking to compel Mr. Edward Liang to appear for a deposition as his August 18, 2020, deposition could not be completed. (Dkt. No. 48);

      WHEREAS, a telephonic discovery conference was held on August 20, 2020, to discuss the issues raised in the parties' letters. For the reasons stated at the conference, it is hereby

      **ORDERED** that Plaintiff's letter at Dkt. No. 38 is construed as a motion to compel deposition testimony from Mr. Eric Su, which is DENIED. As stated on the record by Mr. Su's representative, the statements in the February 1, 2019, letter from Mr. Su to Plaintiff derive from

attorney-client communications and are privileged.  By **August 27, 2020**, Defendant shall file an affidavit transmitted to him by Mr. Su representing that attorney-client communications were the bases of the at-issue statements in his February 1, 2019, letter to Plaintiff, those communications were for the purpose of legal advice and were confidential (i.e., not shared with any third parties).  It is further

**ORDERED** that Plaintiff's second and third applications at Dkt. Nos. 44 and 48 are GRANTED in part.  The deadline to complete discovery is extended *nunc pro tunc* to **September 3, 2020**, for the sole purpose of deposing Mr. Liang.  A Second Amended Civil Case Management Plan and Scheduling Order will issue separately.

Regarding Mr. Liang's deposition, the parties shall meet and confer as to whether an interpreter will be arranged, and if so, the parties shall share equally the cost of the interpreter.  If necessary, the deposition may be 7 hours in length over one day.  Mr. Liang shall appear by video during the deposition.  Before the date of Mr. Liang's deposition and no later than **September 2, 2020**, Defendant shall produce to Plaintiff signed interrogatory responses pursuant to Federal Rule of Civil Procedure 33(b)(5).  The parties' respective requests for costs are DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 38, 44 and 48.

Dated: August 20, 2020
      New York, New York

                                                         **LORNA G. SCHOFIELD**
                                                 **UNITED STATES DISTRICT JUDGE**